IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**THERESA KIRKLIN**                                                                 **PLAINTIFF**

**v.**                        **CASE NO. 4:18-CV-792-SWW**

**RHONDA BENTON, in her official**                                            **DEFENDANTS**
**capacity and individual capacity;**
**MICHAEL POORE, in his official**
**capacity and individual capacity; RON**
**SELF, in his official capacity; JOHNNY**
**KEY, in his official capacity; and**
**LITTLE ROCK SCHOOL DISTRICT**

## REPLY BRIEF OF DEFENDANTS BENTON, POORE, SELF AND LRSD

### Introduction

Defendants Rhonda Benton, Michael Poore, Ron Self and the Little Rock School District (collectively "LRSD") moved to dismiss Kirklin's Complaint and she has responded to their motion. This Reply Brief addresses the timeliness of her claims and the sufficiency of her Complaint under Federal Rules of Civil Procedure 8 and 12(b)(6).

### Timeliness

Kirklin admits that the deadline for filing her Complaint was no later than October 25, 2018, which she claims was a Sunday. Kirklin Response, p. 4. Based on her mistaken belief that October 25th was a Sunday (it was actually a Thursday), Kirklin contends that "filing on October 26th, the next business day was allowed." Kirklin Response, p. 4. The fact that October 25, 2018 was a Thursday, and not a Sunday, completely undercuts Kirklin's argument that her Complaint is timely. She admits that she filed her Complaint more than ninety days after receiving her Notice of Suit Rights, and she does not even address LRSD's argument, made at pages 4-5 of LRSD's opening brief, that "[t]he filing of a second charge does not resurrect her Title VII race

discrimination claims." Therefore, for the reasons set out in LRSD's opening brief, Kirklin's Title VII Complaint should be dismissed.

### Section 1983

In its opening brief, LRSD argued that "LRSD may be liable under Section 1983 only if it's 'policy' or 'custom' caused a violation of Kirklin's constitutional rights". LRSD then set out the elements of proof required to show the existence of a governmental "policy" or "custom", and argued that "Kirklin's Complaint is devoid of facts which would make a plausible case with respect to any of these elements". LRSD Brief, p. 6. In response, Kirklin claims that "LRSD can be liable under a *Monell* type theory" and states that LRSD "can be liable for what its agents or employees, such as Benton and Self, do." Kirklin Brief, p. 7. Kirklin, however, points to no allegations of the Complaint which would support liability "under a *Monell* type theory", and Kirklin's argument that LRSD can be liable for what its agents or employees do is clearly wrong under *Monell*. *Monell* holds that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York Dept. of Soc. Srvcs.*, 436 U.S. 658, 691 (1978).

Kirklin cites *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) and *Hutto v. Finney*, 437 U.S. 678 (1978) for the proposition that liability under Section 1983 "can be from one incident". *Pembaur* supports this proposition to an extent, but only if the one incident was "directed by those who establish governmental policy". *Pembaur*, 475 U.S. at 481-82. There are no facts alleged in the Complaint to support the argument that Benton or Self "establish governmental policy". *Pembaur*, therefore, does not save Kirklin's Section 1983 claims and *Hutto* has no apparent application to this case.

**42 U.S.C. § 1981, Americans with Disabilities Act, and Pleading Standards**

Kirklin's response does not address LRSD's contention that she has failed to state a claim under § 1981 (LRSD opening brief, p. 6), nor does she address LRSD's argument (LRSD opening brief, pp. 7-8) that her Americans with Disabilities Act claim should be dismissed.  In response to LRSD's argument that Kirklin's "Complaint presents conclusory allegations and otherwise fails to conform to the pleading standards established in Fed. R. Civ. P. 8 and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft the Iqbal*, 556 U.S. 662 (2009)" (LRSD Brief, pp. 6-7), Kirklin argues that her Complaint "has a near overload of facts", but does not point to any allegations of the Complaint which she contends are sufficient to render her Complaint "plausible" with respect to any of the causes of actions she is attempting to bring.  Kirklin's Complaint should therefore be dismissed in its entirety.

**Qualified Immunity**

LRSD pointed out in its opening brief that qualified immunity protects LRSD administrators "from civil damage liability for discretionary action that 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Kirklin's response ignores this argument.  She does not point to any factual allegations of her Complaint which would plausibly show that any of the individual Defendants violated a constitutional right that was clearly established at the time.  Individual defendants Rhonda Benton, Michael Poore and Ron Self are therefore entitled to qualified immunity with respect to Kirklin's 42 U.S.C. § 1981, 42 U.S.C. § 1983, and constitutional claims.

**Conclusion**

Kirklin has failed to present facts sufficient to establish a plausible claim that she is entitled to relief under any of the laws upon which she bases her Complaint.  Her Title VII Complaint is also untimely.  Kirklin's claims against Benton, Poore, Self and LRSD should, therefore, be dismissed.

                                      Respectfully submitted,

                                      Christopher Heller (AR Bar No. 81083)
                                      FRIDAY, ELDREDGE & CLARK, LLP
                                      400 W. Capitol Ave., Suite 2000
                                      Little Rock, AR 72201-3493
                                      (501) 370-1506
                                      heller@fridayfirm.com

By:    */s/ Christopher Heller*_____
        Christopher Heller

**CERTIFICATE OF SERVICE**

I certify that on this __ day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to the counsel of record.

                                                */s/ Christopher Heller*_____
                                                 Christopher Heller