## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

THERESA KIRKLIN            *
         PLAINTIFF   *
                              *
V.                            *    CASE NO.  4:18CV00792 SWW
                              *
                              *
RHONDA BENTON, in her     *
individual and official capacities, ET   *
AL.                               *
         DEFENDANTS   *

## <u>ORDER</u>

Theresa Kirklin ("Kirklin") filed this employment dispute against several employees of the Little Rock School District ("LRSD" or "District), claiming that Defendants violated her constitutional rights and state tort law by detaining her at an after-school meeting and subjecting her to a sobriety test.  By previous order, the Court dismissed several of Kirklin's claims, and those that remain charge that Defendants Rhonda Benton ("Benton") and Ron Self ("Self") subjected Kirklin to unreasonable seizure, in violation of the Fourth Amendment, and false imprisonment, in violation of state tort law.  Before the Court are (1) Defendants' motion for summary judgment [ECF Nos. 29, 30, 35], Kirklin's response in opposition [ECF Nos. 36, 40], and Defendants' reply [ECF No. 43]; (2) Kirklin's motion to strike [ECF Nos. 33, 34], Defendants' response in opposition [ECF Nos.

1

37, 38], and Kirklin's reply [ECF No. 39]; and (3) Kirklin's motion pursuant to

Rule 56(e)(1) of the Federal Rules of Civil Procedure [ECF No. 44] and

Defendants' response in opposition [ECF No. 45].  After careful consideration, and

for reasons that follow, summary judgment is granted in Defendants' favor, and

Kirklin's motions are denied.

## I.

Summary judgment is appropriate when "the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a).   As a prerequisite to summary judgment, a
moving party must demonstrate "an absence of evidence to support the non-
moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once
the moving party has properly supported its motion for summary judgment, the
non-moving party must "do more than simply show there is some metaphysical
doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*.,
475 U.S. 574, 586 (1986)
The non-moving party may not rest on mere allegations or denials of his
pleading but must come forward with 'specific facts showing a genuine issue for
trial. *Id*. at 587.   "[A] genuine issue of material fact exists if: (1) there is a dispute
of fact; (2) the disputed fact is material to the outcome of the case; and (3) the
dispute is genuine, that is, a reasonable jury could return a verdict for either party."
*RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are undisputed.  Kirklin has worked for the LRSD for

over thirty years, and during the events in question, she served as the District's

director of transportation.  The evening of March 1, 2018, consistent with her

duties as a department head, Kirklin testified at an employee disciplinary hearing

held at the LRSD Administration Building.  At the time, Kirklin's eyes were red

due to a sinus infection and a dry-eye condition.

The hearing concluded late, sometime after 11:00 p.m., and Kirklin briefly discussed the subject of the hearing with Benton, the District's director of human resources.  After Benton thanked Kirklin for her participation, she noted that Kirklin's eyes were red and told Kirklin that she "needed to stay."[1]  Kirklin recalls that Benton told her that she "didn't want [Kirklin] to hurt anyone" and that she had summoned Self, the District's director of security, to come to the administration building.  Kirklin responded that her eyes were red  because she had sinus problems and dry eyes,  but she agreed to stay and stated, "Sure, not a problem."[2]  Benton and Kirklin stood in the lobby for approximately one hour, waiting for Self to arrive.  Kirklin recalls that Benton stood with her the entire time, as if guarding her.

When Self arrived, only Benton and Kirklin were present, and Self ushered Kirklin to an office where he administered a sobriety test.  As Kirklin recalls, Self was polite and directed her to stand straight and follow his moving finger with her eyes.  According to Kirklin, the test lasted a minute, and when it was over, she left the building and drove home.  The next day, Kirklin called her supervisor, Kelsey Bailey, and complained about her encounter with Benton and Self.  Bailey then informed Benton that she had offended Kirklin, and Benton apologized to Kirklin.

---

[1]ECF No. 29-1, at 19 (Kirlin Dep., 19).
[2]*Id.*

After exhausting administrative remedies with the Equal Employment Opportunity Commission, Kirklin filed this lawsuit under 42 U.S.C. §§ 1983 and 1981 and the Americans with Disabilities Act ("ADA"), naming Benton and Self and LRSD administrative officers Michael Poore and Johnny Key as defendants. Kirklin sued each defendant in his or her individual and official capacities, charging an assortment of constitutional violations and supplemental tort claims for assault, battery, libel, slander, false arrest, and intentional infliction of emotional distress.

Defendants moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting qualified immunity. By previous order, the Court dismissed the majority of Kirklin's claims. Remaining are Kirklin's individual-capacity claims against Benton and Self, asserting that they detained her and subjected her to a sobriety test in violation of the Fourth Amendment.

## III.

In denying Benton's and Self's initial assertion of qualified immunity at the pleading stage, the Court viewed Kirklin's allegations in a light most favorable to her and determined that she stated a plausible claim for the violation of a clearly established constitutional right. Benton and Self now reassert qualified immunity based on the summary judgment record, and a different standard governs the Court's review. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815

4

(1985) ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.").

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  In determining whether a defendant is entitled to qualified immunity, a court examines (1) whether the facts alleged or shown, construed most favorably to the plaintiff, establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful.  *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013)(citation omitted).

The threshold question is whether there is a genuine dispute concerning facts material to whether Benton or Self violated Kirklin's Fourth Amendment right from unreasonable seizure.  A person is seized for purposes of the Fourth Amendment "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that [she] was not free to leave." *United States v. Grant*, 696 F.3d 780, 784 (8th Cir. 2012) (quoting *INS v. Delgado,* 466

U.S. 210, 215, 104 S. Ct. 1758, 80 L.Ed.2d 247 (1984)).  Kirklin has acknowledged that neither Benton nor Self used physical force or coercive means to compel her to stay at the administration building.  It is undisputed that at Benton's request, Kirklin agreed to stay, and she willingly submitted to Self's minimally intrusive sobriety test, which involved following Self's moving finger with her eyes.  At no time did Kirklin request to leave the building.

Kirklin says she believed that she would be terminated if she refused to comply with Benton's "directives."  However, it is undisputed that Benton was not Kirklin's supervisor and had no authority to terminate her longstanding employment with the LRSD or have her removed as the director of transportation. In deposition, Kirklin testified that she had no knowledge of a single instance in which a LRSD department director caused the termination of another department head.  Considering the surrounding circumstances, the Court finds that a reasonable person in Kirklin's position would not have believed that she was not free to leave.  The Court finds that Kirklin has failed to come forward with specific facts showing a genuine issue for trial and that Benton and Kirk are entitled to summary judgment in their favor.

## IV.

Because the Court finds no issues for trial with respect to claims over which this Court has original jurisdiction, those claims will be dismissed with prejudice,

and the Court will dismiss Kirklin's supplemental state-law claim for false imprisonment without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

## V.

In addition to filing a response opposing Defendants' motion for summary judgment on the merits, Kirklin filed a motion to strike Defendants' motion and a motion for relief under Rule 56(e)(1).  For reasons that follow, Kirklin's motions are denied.

One day before the deadline for responding to Defendants' motion for summary judgment, Kirklin requested a thirty-eight-day extension of time in which to respond, stating that her attorney, a solo practitioner, had a full schedule and needed more time.  Although the Court found the requested extension excessive, Defendants did not object, and for that reason, the Court granted Kirklin's motion.

Before Kirklin's extended response deadline expired, she filed a motion to strike Defendants' motion for summary judgment on the ground that Defendants failed to comply with Local Rule 56.1, which provides that any party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of material facts as to which it contends there is no genuine dispute to be tried."  Local Rule 56.1(a). Immediately after Kirklin filed the motion to strike, Defendants filed a statement of facts, which relied upon testimony from Kirklin's deposition and restated facts set forth in Defendants' brief in support of

7

summary judgment.[3]  Twenty-eight days later, Kirklin filed a response in

opposition to summary judgment and a response to Defendant's statement of

material facts.[4]  The Court finds that Kirklin suffered no prejudice as a result of the

timing of Defendants' filing, and any oversight or error by Defendants was

harmless.

Eight days after Kirklin filed a response in opposition to Defendants' motion

for summary judgment, she filed a motion seeking relief under Rule 56(e)(1) of the

Federal Rules of Civil Procedure.  Rule 56(e)(1) provides that if a party has failed

to support an assertion of fact, the court may "give an opportunity to properly

support or address the fact."  Kirklin received *ample* time in which to file her

response to Defendants' motion for summary judgment, and she fails to provide

any basis for relief under Rule 56(e)(1).

## VI.

For the reasons stated, Defendants' motion for summary judgment [ECF No.

29] is GRANTED, and Plaintiff's motion to strike [ECF No. 33] and motion for

relief under Rule 56(e)(1) [ECF No. 44] are DENIED.  Pursuant to the judgment

entered together with this order, Plaintiff's claims arising under federal law are

---

[3]ECF No. 35.
[4][ECF Nos. 40, 41, 42.

DISMISSED WITH PREJUDICE, and Plaintiff's supplemental state law claim is

dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED THIS  17TH  DAY OF AUGUST, 2020.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE